# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY PALZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-00564-GKF-JFJ |
| | ) |
| COX OKLAHOMA TELCOM, LLC | ) |
| and COXCOM, LLC d/b/a COX | ) |
| COMMUNICATIONS TULSA, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court on the Motion for Partial Judgment on the Pleadings [Doc. No. 60] of defendant CoxCom, LLC d/b/a Cox Communications Tulsa ("Cox"). For the reasons set forth below, the motion is granted in part and denied in part.

## I. Factual Allegations

The Petition for Wrongful Termination and Discrimination in Employment alleges the following facts.[1] Plaintiff Mark Anthony Palzer is a Caucasian male and over the age of forty (40). [Doc. No. 2-1, ¶ 7]. Palzer began employment with Cox as a customer service representative in 2005. [*Id.* ¶ 10]. Cox subsequently promoted Palzer to a sales representative in the small/medium sales group. [*Id.* ¶¶ 9-10].

Prior to his termination, Cox reassigned Palzer to a different manager. [*Id.* ¶ 11]. Palzer's manager made comments that "[Cox] had too many older white men in the department," and that "she wanted to hire a black man." [*Id.*]. Additionally, the manager changed the manner of

---

[1] Cox removed this case from the District Court of Tulsa County, Oklahoma. *See* [Doc. No. 2].

assignment of sales territories and assigned territories that would generate new sales to young black males, rather than Palzer. [*Id.*]. The manager also insisted on knowing, and became aware of, Palzer's age. [*Id.* ¶¶ 12-13]. Palzer complained to Cox's human resources department regarding the manager's actions, but his complaints were ignored. [*Id.* ¶ 15]. On June 10, 2013, Cox terminated Palzer's employment. [*Id.* ¶ 10]. Palzer timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue letter issued by the EEOC. [*Id.* ¶ 6].

Based on these factual allegations, the Petition asserts four separate causes of action: (1) discrimination based on age in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. §§ 1101 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; (2) discrimination based on race in violation of the OADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (3) retaliatory discharge in violation of the OADA, ADEA, and Title VII; and (4) breach of contract.

## II.  Motion for Judgment on the Pleadings Standard

Pursuant to FED. R. CIV. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). The Tenth Circuit treats a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### III. Analysis

Cox seeks judgment as a matter of law as to the entirety of Palzer's OADA claims, and Palzer's ADEA and Title VII claims based on any discrete act of alleged discrimination or retaliation that occurred on or before May 18, 2013. The court will separately consider each claim.

    *A.    Partial Judgment on the Pleadings*

Palzer first offers a procedural objection to Cox's motion for judgment on the pleadings, arguing that partial judgment on the pleadings is inappropriate because any judgment granted would not entirely dispose of one or more counts in the Petition. *See* [Doc. No. 61, pp. 4-6 (citing *In re Amica, Inc.*, 130 B.R. 792, 796 (Bankr. N.D. Ill. 1991) ("Partial judgment on the pleadings is not possible in federal pleading unless it disposes entirely of one or more counts of the complaint.")].

Federal Rule of Civil Procedure 12(c) neither provides for nor prohibits motions for partial judgment on the pleadings. FED. R. CIV. P. 12(c). However, Federal Rule of Civil Procedure 56—applicable to motions for summary judgment—permits partial summary judgments. FED. R. CIV. P. 56. By analogy to the provisions of Rule 56, at least one court in this Circuit expressly concluded that "a motion for partial judgment on the pleadings is appropriate." *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, 29 F. Supp. 2d 1253, 1258 (D. Kan. 1998). Additionally, courts in this district routinely consider motions for partial judgment on the pleadings seeking judgment on some, but not all, of plaintiff's claims. *See, e.g., Stuart C. Irby Co. v. Brown*, No. 13-CV-0520-CVE-FHM, 2014 WL 585099 (N.D. Okla. Feb. 14, 2014); *Williams Field Servs. Grp. LLC v. Gen. Elec. Int'l, Inc.*, No. 06-CV-0530-CVE-FHM, 2009 WL 151723 (N.D. Okla. Jan. 22, 2009) (granting in part and denying in part motion for partial judgment on the pleadings); *Horton v. Bank of Am., N.A.,* 189 F. Supp. 3d 1286 (N.D. Okla. 2016) (granting in part and denying in part motion for partial judgment on the pleadings).

In light of this persuasive authority, the court is persuaded by the reasoning of the United States District Court for the Northern District of California in *Holloway v. Best Buy Co., Inc.,* No. C-05-5056-PJH, 2009 WL 1533668 (N.D. Cal. May 28, 2009). There, the court first noted that "[a]s to whether a Rule 12(c) motion can be used as a means to parse claims for relief or strike less than an entire count, the case law is not extensive." *Id.* at *4. However, the court noted district judges in its district granting in part and denying in part motions for judgment on the pleadings. *Id.* The court concluded: "In light of the purpose of 12(c) motions . . . and given that each cause of action in the [Complaint] alleges what could be construed as several separate claims, the court finds no reason not to consider [defendant's] motion for judgment on the pleadings as to less than entire causes of action." *Id.*

As previously stated, courts in this jurisdiction routinely consider, and frequently grant in part and deny in part, motions for partial judgment on the pleadings. Further, Palzer's first, second, and third counts could easily be construed as several separate claims. Thus, the court sees no reason not to consider Cox's motion for partial judgment on the pleadings. *See* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1369 (3d ed. 2018) ("[A] few federal courts have held that the principles of partial summary judgment should be applicable to a motion for judgment on the pleadings. The result seems sound in terms of giving the district judge greater flexibility and promoting efficiency and economy.") (internal footnote omitted).

    B.    *OADA Claims*

Cox asserts that it is entitled to judgment on Palzer's claims under the OADA because Palzer does not have standing and therefore this court lacks subject matter jurisdiction. Thus, although characterized as a motion for judgment on the pleadings, as concerns the OADA claims, the court will construe the motion as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1).[2] *See Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.*, 439 F. Supp. 2d 1171, 1173 (W.D. Okla. 2006) ("For example, if a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1).") (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004)).

Palzer argues that Cox's motion is improperly brought under Rule 12(b)(1) because Cox challenges only the timeliness of Palzer's filing a charge with the EEOC, which is not jurisdictional. *See* [Doc. No. 61, pp. 6-7]. With regard to standing, the OADA requires:

---

[2] "Objections to subject-matter jurisdiction . . . may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

> In order to have standing in a court of law to allege discrimination arising from an employment-related matter, in a cause of action against an employer for discrimination based on race, color, religion, sex, national origin, age, disability, genetic information with respect to the employee, or retaliation, an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party. Upon completion of any investigation, the Attorney General's Office of Civil Rights Enforcement may transmit the results of any administrative hearing and determination to the Equal Employment Opportunity Commission or issue the complaining party a Notice of a Right to Sue.

25 OKLA. STAT. § 1350(B). Additionally, the OADA provides

> Should a charge of discrimination be filed with the Attorney General's Office of Civil Rights Enforcement and not be resolved to the satisfaction of the charging party within one hundred eighty (180) days from the date of filing of such charge, the Attorney General's Office of Civil Rights Enforcement, upon request of any party shall issue a Notice of a Right to Sue, which must be first obtained in order to commence a civil action under this section.

*Id.* § 1350(C). No action may be filed under the OADA more than ninety (90) days after receiving a Notice of Right to Sue from the Attorney General's Office of Civil Rights Enforcement. *Id.* § 1350(I).

"It is a long established doctrine in Oklahoma that exhaustion of statutory remedies is a *jurisdictional* prerequisite for resort to the courts." *Shackelford v. Okla. Dep't of Corrs. ex rel. State*, 182 P.3d 167, 168 (Okla. Civ. App. 2007) (emphasis in original). Applying this principle, Oklahoma federal courts consistently hold that timely filing a charge is jurisdictional. *See Tolbert v. Ean Servs., LLC,* No. 15-CV-735-GKF-TLW, 2016 WL 796096, at *3 (N.D. Okla. Feb. 26, 2016); *see also Johnson v. Wal-Mart Stores East, LP,* No. 17-CV-341-GKF-FHM, 2017 WL 3586710, at *1 (N.D. Okla. Aug. 18, 2017) ("As a precondition to suit, the OADA requires a plaintiff to file a charge of discrimination either with the EEOC or the Oklahoma Attorney General's Office within 180 days from the last date of the alleged discrimination. That requirement

is jurisdictional.") (internal citations and quotations omitted); *Hall v. Okla. Dep't of Rehab. Servs.*, No. CIV-17-497-D, 2018 WL 991543, at *5 (W.D. Okla. Feb. 20, 2018) ("The OADA contains an express requirement that an employee must *timely* file an administrative charge . . . prior to filing suit . . . .") (emphasis added). Thus, Cox's challenge to the timeliness of Palzer's OADA claim is jurisdictional and properly considered under Rule 12(b)(1). *See Tolbert*, 2016 WL 796096, at *3.

The Tenth Circuit has held motions to dismiss pursuant to Rule 12(b)(1) generally take two forms: "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). "In addressing a facial attack, the district court must accept the allegations in the complaint as true." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). However, "[i]n addressing a factual attack, the court does not 'presume the truthfulness of the complaint's factual allegations,' but 'has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Id.* (quoting *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995)). Because Cox relies upon the EEOC charges, intake questionnaires, and other evidentiary material beyond the factual allegations of the Petition, the court will construe Cox's motion as a factual attack to subject matter jurisdiction. *See Hall*, 2018 WL 991543, at *2.

In ruling on a factual challenge to subject matter jurisdiction under Rule 12(b)(1), the district court generally has "wide discretion" to consider evidence without converting the motion to a Rule 12(b)(6) motion or motion for summary judgment under Rule 56. *Paper, Allied-Industrial, Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). The Tenth Circuit recognizes an exception, however, when "the jurisdictional question

is intertwined with the merits of the case." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). Citing *Wheeler*, Palzer argues that the court must convert Cox's motion to a motion to dismiss under Rule 12(b)(6) or motion for summary judgment under Rule 56 because the jurisdictional question is "intertwined with the merits of the case" as jurisdiction is dependent on the same statute that gives rise to the claim—the OADA. [Doc. No. 61, pp. 3-4].

In *Wheeler,* the Tenth Circuit stated, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." *Wheeler*, 825 F.2d at 259. The Tenth Circuit has since clarified *Wheeler,* however, stating "[u]nder *Wheeler* . . . the focus of the inquiry is not merely on whether the merits and the jurisdictional issue arise under the same statute. Rather, the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States,* 208 F.3d 1220, 1223 (10th Cir. 2000). In this case, resolution of the jurisdictional issue of exhaustion of administrative remedies does not require resolution of a substantive aspect of the discrimination claim. *Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1324-25 (10th Cir. 2002). Thus, the court may properly consider the evidence submitted by Cox with regard to the OADA claim without converting the motion to a Rule 12(b)(6) motion to dismiss or Rule 56 motion for summary judgment.

The record includes a Charge of Discrimination dated June 10, 2014 and assigned charge no. 564-2014-00643. *See* [Doc. No. 60-5]. The Petition alleges that Cox terminated Palzer's employment on June 10, 2013, and includes no allegations of post-termination conduct. [Doc. No. 2-1, ¶ 10]. However, Palzer did not file the Charge of Discrimination until one (1) year later. As previously stated, as a jurisdictional requirement, the OADA requires that a plaintiff timely file a charge of discrimination within 180 days of the last date of discrimination. *See Tolbert*, 2016 WL

796096, at *3.  Absent satisfaction of this requirement, the plaintiff lacks standing.  *See* 25 OKLA. STAT. § 1350(B).  Here, Palzer failed to file a charge of discrimination within 180 days of his termination—the last possible date of discriminatory or retaliatory conduct—and therefore this court lacks jurisdiction to hear Palzer's OADA claim to the extent based on EEOC Charge No. 564-2014-00643.

Additionally, the record includes an EEOC intake questionnaire, dated December 20, 2012, completed by Palzer and apparently designated EEOC Charge No. 564-2013-00348.  *See* [Doc. Nos. 60-1 and 60-2].  The Intake Questionnaire relates to alleged discriminatory conduct from March 2012 to August 2012.  [Doc. No. 60-1].  At least one court in this district has concluded that an intake questionnaire may satisfy Oklahoma notice rules, albeit under 25 OKLA. STAT. § 1502, rather than the OADA.  *See Roberts v. Int'l Bus. Machs. Corp.,* No. 11-CV-040-JHP-PJC, 2011 WL 4375769, at *2 (N.D. Okla. Sept. 20, 2011).

Assuming without deciding that an intake questionnaire may constitute a charge to satisfy the jurisdictional requirements of the OADA in some circumstances, the court concludes that Palzer's December 20, 2012 intake questionnaire does not exhaust Palzer's administrative remedies with regard to Charge No. 564-2013-00348 as required by the OADA.  Charge No. 564-2013-00348 was withdrawn due to Palzer's failure to respond to communication from the EEOC, and any further proceedings were terminated.  *See* [Doc. No. 60-3].  Courts considering the effect of a withdrawn charge generally conclude that withdrawing an administrative complaint constitutes a failure to exhaust administrative remedies.[3]  *See Haney v. Donovan,* No. 08-2658-

---

[3] Although the Tenth Circuit cases on which the district courts in this Circuit have relied have been called into question in light of recent Supreme Court decisions counseling against interpreting requirements as jurisdictional without congressional direction, this concern is not implicated by the OADA—an Oklahoma statute that expressly requires exhaustion for standing.  *Cf. Gad v. Kan. St. Univ.*, 787 F.3d 1032 (10th Cir. 2015).

JAR, 2010 WL 1284468, at *2 (D. Kan. Mar. 30, 2010) ("When a plaintiff files an administrative complaint, but either abandons or withdraws her complaint before it reaches a final decision, courts have treated it as a failure to exhaust administrative remedies, denying the court subject matter jurisdiction over those claims."); *Pedersen v. W. Petroleum, Inc.*, No. 07-CV-997-TS, 2008 WL 977370, at *5 (D. Utah Apr. 9, 2008); *Bowers v. Nicholson*, No. H-07-1910, 2007 WL 3047223, at *8 (S.D. Tex. Oct. 18, 2007) (collecting cases). Thus, because Charge No. 54-2013-00348 was withdrawn, Palzer failed to exhaust his administrative remedies.

Additionally, because the first charge was withdrawn, the EEOC issued no Notice of Right to Sue letter. Under the OADA, a right to sue letter "must be first obtained in order to commence a civil action under this section." 25 OKLA. STAT. § 1350(C); *see also Van Doren v. Trinity Containers, LLC*, No. 17-CV-0053-CVE-FHM, 2017 WL 1987240, at *3 (N.D. Okla. May 12, 2017) ("For the Court to have jurisdiction over a plaintiff's OADA claims, the plaintiff must exhaust his administrative remedies by filing a charge of discrimination with, and receiving a right to sue letter from, the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission.").

Because Palzer failed to exhaust his administrative remedies with regard to both Charge No. 564-2013-00348 and Charge No. 564-2014-00643, this court lacks subject matter jurisdiction. Accordingly, Cox's motion to dismiss the OADA claims is granted under Rule 12(b)(1).[4]

---

[4] To the extent that Palzer's response can be construed as requesting leave to amend his Petition with respect to the OADA claim, because the court lacks jurisdiction, such request is denied. *See Maiahy v. Target Corp.*, No. CIV-03-1685-HE, 2006 WL 2811899 (W.D. Okla. Sept. 28, 2006).

C. *Title VII and ADEA Claims Based on Discrete Acts Prior to May 18, 2013*

Cox seeks judgment on the pleadings under FED. R. CIV. P. 12(b)(6) as to Palzer's ADEA and Title VII claims based on discrete acts prior to May 18, 2013, arguing that Palzer failed to timely exhaust his administrative remedies as required by the statutes.[5]

Prior to commencing a civil suit, both Title VII and the ADEA require a plaintiff to file an administrative charge with the EEOC or state or local authority within three hundred days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA). However, unlike the OADA, "Title VII's mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite . . . ." *See Montes v. Vail Clinic, Inc*., 497 F.3d 1160, 1167 (10th Cir. 2007). Rather, "the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry." *Id.*

In its motion, Cox invites the court to consider matters outside the pleadings—specifically, the following documents: 1) EEOC Intake Questionnaire, dated December 20, 2012 [Doc. No. 60-1]; 2) Notice of Charge of Discrimination, dated December 27, 2012 [Doc. No. 60-2]; 3) correspondence dated January 29, 2013 from the EEOC to Cox and Palzer [Doc. No. 60-3]; 4) EEOC Intake Questionnaire, dated March 12, 2014 [Doc. No. 60-4]; 5) Charge of Discrimination, dated June 10, 2014 [Doc. No. 60-5]; and 6) Dismissal and Notice of Rights, dated October 22, 2014 [Doc. No. 60-6].

---

[5] Cox's motion also includes a reference to FED. R. CIV. P. 12(b)(3). *See* [Doc. No. 60, p. 1]. However, in its reply brief, Cox concedes that the reference was in error and that it does not move to dismiss any of Palzer's claims pursuant to Rule 12(b)(3). *See* [Doc. No. 61, p. 2]. Thus, the court need not consider dismissal pursuant to Rule 12(b)(3).

When ruling on a motion for judgment on the pleadings, the court generally must exclude matters outside the pleadings. FED. R. CIV. P. 12(d). However, the court can "consider documents attached to or referenced in the complaint if they 'are central to the plaintiff's claim and the parties do not dispute [their] authenticity.'" *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Here, Palzer's Petition refers to a Charge of Discrimination and Notice of Right to Sue Letter issued by the EEOC. *See* [Doc. No. 2-1, ¶ 6]. On the other hand, the Petition does not refer to any EEOC intake questionnaire or other correspondence from the EEOC. Accordingly, the court declines to consider the EEOC intake questionnaires, the Notice of Charge of Discrimination dated December 27, 2012, or the January 29, 2013 correspondence. *See Payne v. Great Plains Coca-Cola Bottling Co.*, No. 17-CV-578-CVE-FHM, 2017 WL 6540271, at *5 (N.D. Okla. Dec. 21, 2017).

Cox asks the court to dismiss Palzer's Title VII and ADEA claims based on any discrete act that occurred on or before May 18, 2013, apparently recognizing that, under some circumstances, other formal filings such as an intake questionnaire may be deemed a charge. *See* [Doc. No. 60, pp. 12-13]; *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008). Thus, even if the court were to consider the Charge of Discrimination, the court would be without sufficient information to establish whether Palzer timely exhausted his administrative remedies with regard to the Title VII and ADEA claims, particularly with regard to the timing of discrete acts of alleged discriminatory or retaliatory conduct. Accordingly, the court will exercise its discretion to exclude extra-pleading materials, and resolve Palzer's motion based solely on the allegations of the Petition.

The Petition alleges the following:

> In compliance with the OADA, Title VII and ADEA, the Plaintiff timely caused to be filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue letter which was issued by the EEOC with respect to all charges, prior to instituting this action. This action is timely filed following receipt of such Notice of Right to Sue.

[Doc. No. 2-1, ¶ 6]. "Because the 'obligation to demonstrate timeliness in filing a charge is a condition precedent to suit, the court analyzes this allegation under Rule 9(c)'s special pleading standard." *Tolbert*, 2016 WL 796096, at *5 (internal citations omitted). Pursuant to FED. R. CIV. P. 9(c), "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Here, Palzer's allegations are sufficient to satisfy the Rule 9(c) special pleading standard. Thus, Cox's motion to dismiss the Title VII and ADEA claims based on discrete acts prior to May 18, 2013 is denied.

### IV. Conclusion

WHEREFORE, the defendant CoxCom, LLC d/b/a Cox Communications Tulsa's Motion for Partial Judgment on the Pleadings [Doc. No. 60] is granted in part and denied in part. The motion is granted as to claims pursuant to the Oklahoma Anti-Discrimination Act, 25 OKLA. STAT. §§ 1101 *et seq.,* and is otherwise denied.

DATED this 3rd day of July, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE