IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY PALZER, | |
| Plaintiff, | |
| v. | Case No. 15-cv-564-GKF-JFJ |
| COXCOM, LLC, | |
| Defendant. | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT**

Defendant CoxCom, LLC ("Defendant" or "Cox"), hereby moves the Court to enter an Order striking "Plaintiff's Response to Defendant CoxCom, LLC's Motion for Summary Judgment," ("Plaintiff's Response" or "Response") (Doc. No. 135). Plaintiff's Response is untimely; violates FED. R. CIV. P. 56 and LCvR56.1; includes confidential documents which Plaintiff was required—but failed—to file under seal; cites to phantom exhibits; and is a complete manipulation of LCvR7.2(c), in violation of that local rule and an Order of this Court (Doc. No. 131).

**ARGUMENT AND AUTHORITIES**

Cox filed its Motion for Summary Judgment and Brief in Support on September 18, 2018. (Doc. No. 114). Plaintiff thereafter obtained two consented-to and authorized extensions by the Court, and then effectively self-granted himself a third extension, but still filed Plaintiff's Response on October 31, 2018, nine (9) days after the latest Court-approved deadline of October 22, 2018, (Doc. No. 129), without obtaining leave of Court or otherwise acknowledging his misdeed.

Further, on November 9, 2018, more than seven (7) weeks after Cox's Motion for Summary

Judgment was filed, Plaintiff—again, without leave—filed additional supplemental pleadings to allegedly "correct" "certain typographical omissions and errors" in his Response, (Doc. 139), and to add six (6) exhibits to "correct[ ] the omission" of those exhibits from his initial filing (Doc. No. 140). Half of these new exhibits, however, are dated *after* the October 31, 2018, filing of Plaintiff's Response. The omission was not an error.

Further, after multiple extensions, some authorized and some not, Plaintiff's Response violates Rule 56 and LCvR56.1 by his (late) filing and reliance upon improper exhibits, to include but not limited to eight (8) exhibits which fall under the Agreed Protective Order, (Doc. No. 108), but which Plaintiff failed to file under seal. Plaintiff's Response cited non-filed exhibits fifty-four (54) times until the November 9, 2018, unauthorized supplemental filing (Doc. Nos. 140-1 through 140-6); and, relies upon a "rough draft" unofficial deposition transcript.

Plaintiff's Response also attempts to disguise what is actually a 42 page brief by using 11 pitch font in the general text instead of 12 characters to an inch; using 10 pitch font in footnotes instead of 12; and, by using single-spaced lines instead of double-spaced lines for his argument on pages 32-35, all of which violate LCvR7.2(c) and the Court's Order granting Plaintiff leave to file a 35 page brief. (Doc. No. 131).[1]

Unfortunately, this *laissez-faire* approach by Plaintiff to the Orders of this Court, the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the Northern District of Oklahoma, is not new. Respectfully, the Plaintiff's Response and improper exhibits should be stricken from the summary judgment record, and the Court should thereafter

---

[1] For the Court's convenience, Cox converted Plaintiff's Response into one that complies with LCvR7.2(c), with 12 pitch font print style in both the regular text and footnotes, and double-spaced lines for non-quotations in the argument. When honoring Rule 7.2(c), Plaintiff's Response is **42 pages** in length. *See* Conforming Brief, without index tables, attached here as Exhibit 1.

deem Cox's Statement of Material Facts admitted pursuant to LCvR56.1(c); make an additional determination, after reviewing the summary judgment record and applicable law, that judgment for Cox is appropriate under Rule 56; and, award Cox all of its attorney fees and costs incurred in connection with Plaintiff's failure to timely oppose the Motion for Summary Judgment, as provided for in LCvR7.2(f) and FED. R. CIV. P. 16(f); and, for vexatiously multiplying these proceedings. 28 U.SC. § 1927.

## I. RELEVANT SUMMARY JUDGMENT PROCEDURAL HISTORY.

1. On July 3, 2018, the Court entered its Fourth Amended Scheduling Order setting, *inter alia*, September 18, 2018, as the date for filing dispositive motions; December 14, 2018, as the date for the hearing on dispositive motions; January 8, 2019, as the date for the pretrial conference; and January 22, 2019, as the date for trial. (Doc. No. 101).

2. Cox filed its Motion for Summary Judgment and Brief in Support on September 18, 2018. (Doc. No. 114).

3. LCvR7.2(e) provides that "[e]ach party opposing a motion shall file with the Court Clerk and serve upon all other parties a response within twenty-one (21) days from the date the motion was filed . . . ." *Id*. Therefore, Plaintiff was required to file a response to Cox's Motion for Summary Judgment on or before October 9, 2018.

4. Instead of filing such a response, on October 9, 2018, Plaintiff filed an "Application for Enlargement of Deadline for Responding to Defendant's Motion for Summary Judgment," to which Cox had consented. Plaintiff sought, and the Court granted him, ten (10) additional days— until October 19, 2018— to respond. (*See* Doc. Nos. 123, 125). In its Order, the Court also directed Cox to file its Reply brief on or before November 2, 2018. (Doc. No. 125).

5. On Thursday, October 18, 2018, Plaintiff's counsel sought and received Cox's

counsel's consent to move the Court to enlarge by "one (1) additional business day"—thereby giving Plaintiff a total of three (3) additional days, including the weekend—to respond to Cox's Motion for Summary Judgment, stating that he "[had] to be out of the office all day tomorrow [October 19, 2018,] to handle an emergency matter."[2]

6. On Friday, October 19, 2018, Plaintiff filed his unopposed "Application for Additional Enlargement of Deadline for Responding to Defendant's Motion for Summary Judgment." (Doc. No. 128).

7. On Monday morning, October 22, 2018, the Court granted Plaintiff's Application and authorized him to file his brief in response that same day:

> Docket Text:
> MINUTE ORDER by Chief Judge Gregory K Frizzell *Plaintiff is granted until 10/22/18 to file his brief in response to Defendant's Motion for Summary Judgment* ; granting [128] Motion for Extension of Time to Respond to Motion (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers)

(Doc. No. 129).

8. At 11:56 p.m. on October 22, 2018—the second extended deadline—Plaintiff failed to file a response and instead filed an "Assumed Opposed Motion to Exceed Page Limitation," stating,

> Due to the hour at which the undersigned attorney finished preparing Plaintiff's *Response*, it was not possible for him to communicate with defense counsel for the purpose of ascertaining whether Defendant objects to the instant request to exceed the page limitation set forth in in N.D. LCvR 7.2(c). Accordingly, the Court should assume that Defendant would oppose the relief sought by this *Motion*.

Doc. No. 130. Cox respectfully requests the Court to note the representation in the above photo-

---

[2] The professed "emergency matter" notwithstanding, later that evening, on October 18, 2018, Plaintiff filed his "Objection to Magistrate Judge's October 3rd Order Denying Motion to Compel Compliance with F.R.C.P. 30(b)(6)." (Doc. No. 126).

4

capture that Plaintiff's counsel had, by October 22, 2018, **"finished preparing Plaintiff's Response."** *Id*.

9.  In addition to the LCvR7.2(k) requirement for Plaintiff to state whether Cox opposed the page extension, LCvR7.2(c) mandates that such a motion "shall be filed no later than 1 day prior to the date the brief is due," which, here, was Friday, October 19, 2018. In any event, Plaintiff did not file his "finished" response to Cox's Motion for Summary Judgment when it was due on October 22, 2018, effectively granting himself a disguised third extension of time to file Plaintiff's Response.

10. On Tuesday, October 23, 2018, at 11:46 a.m., the Court granted Plaintiff's Assumed Opposed Motion to Exceed Page Limitation. (Doc No. 131). The Court's Order notwithstanding, Plaintiff did not file his Plaintiff's Response on October 23, 2018.

11. On Halloween night—October 31, 2018—more than six (6) weeks after Cox filed its Motion for Summary Judgment, and after two consented-to and authorized extensions by the Court, and one self-granted (third) extension, Plaintiff filed Plaintiff's Response nine (9) days after the Court's established deadline, (Doc. No. 129), and nine (9) days after Plaintiff's counsel represented to the Court that he already "finished preparing Plaintiff's Response." (Doc. No. 130).

12. On November 9, 2018, without seeking or obtaining leave from the Court, Plaintiff filed his Errata/Correction to replace and substitute four pages from his Response, *see* Errata/Correction (Doc. No. 139), and also filed six (6) new exhibits to support Plaintiff's Response. (Doc. No. 140). Half of those exhibits, however, are affidavits dated in November 2018—and as recently as last week—long after Court's October 22, 2018, deadline. *See* Doc. Nos. 140-3 (dated November 1, 2018), 140-4 (dated November 5, 2018), and Doc. No. 140-6 (dated November 8, 2018).

5

## II.    NO EXCUSE OFFERED OR LEAVE REQUESTED FOR PLAINTIFF'S LATE RESPONSE.

The time to file Plaintiff's Response long-since came and passed without Plaintiff filing his Response, seeking yet another extension, or applying for leave to file Plaintiff's Response out of time. Given the circumstances: 1) multiple extensions of time (official and self-granted); 2) the unexplained nine (9) day lapse between the latest Court ordered deadline and the ultimate filing date; 3) the representation to the Court that he "finished preparing Plaintiff's Response" on October 22, 2018; 4) the unauthorized supplementation of Plaintiff's Response with additional citations and new exhibits; and, 5) the egregious violations of the Federal Rules, Local Rules, protective order, and other orders of the Court, Plaintiff's Response and supplemental pages and exhibits should be stricken from the summary judgment record with prejudice to refiling.

Plaintiff's counsel's exhibited pattern of disregard for this Court's Local Rules, orders, and the Scheduling Order, both before after the filing of Plaintiff's Response, *see* Doc Nos. 81, 84, 87, 104, 134, is "not an anomaly." *Freitag v. Sonic Auto. Inc.*, Case No. 04-CV-164-JHP-FHM, 2006 U.S. Dist. LEXIS 53268 *; 2006 WL 2193340, *2 n. 1 (N.D. Okla. Aug. 1, 2006).  In *Nealis v. CoxCom, LLC*, Case No. 16-CV-0078-CVE-TLW, 2017 WL 1091786, *1 n. 1 (N.D. Okla. Mar. 22, 2017), Judge Claire Eagan took Plaintiff's counsel here to task for much of the same unacceptable practices employed here:

> Plaintiff's response to defendant's summary judgment motion was due on March 10, 2017. Dkt. # 91. On that date, plaintiff filed a motion (Dkt. # 106) asking the Court for an additional business day, until March 13, 2017, to file her response. Defendant opposed the motion, arguing that it would not have enough time to prepare a reply if plaintiff's motion were granted. Dkt. # 107. The Court granted plaintiff's motion and extended the deadlines for both response and reply briefs by one business day. Dkt. # 109. On March 13, 2017 at 11:57 p.m., plaintiff's response (Dkt. # 111) was filed. Plaintiff's response violates nearly every aspect of Local Rule 7.2(c), which requires (1) briefs to be no longer than twenty-five pages without leave of the Court, (2) all print to be no smaller than twelve-pitch font, (3) all margins to be no smaller than one

> inch, and (4) all briefs longer than fifteen pages to include an indexed table of contents. LCvR 7.1(C). Plaintiff complied only with the rule on margins. Plaintiff's response is thirty pages, uses eleven-pitch font in the main text and ten-pitch font in the footnotes, and does not include an indexed table of contents. Additionally, plaintiff failed to attach any of the exhibits referenced in her response. On March 14, 2017, plaintiff filed a second response titled "corrected response" (Dkt. # 112). Plaintiff's second response brief repeated the same violations of Local Rule 7.1(C), but added additional responses to defendant's undisputed material facts, including responses to facts 36-61, to which plaintiff did not respond at all in her original response brief. Compare Dkt. # 111, at 5-8, with Dkt. # 112, at 4-7. Plaintiff's second response also attached none of the exhibits referenced in the brief. On the morning of March 14, 2017, the Court advised plaintiff no exhibits had been filed with its brief. Dkt. # 114. Plaintiff finally filed her exhibits later that afternoon. Dkt. # 116.
>
> Plaintiff's second response brief is not a corrected version of her original response; it is a completed version of her original response. Plaintiff's first response was filed as a placeholder three minutes before the deadline, and plaintiff's actual response was filed a day late. Plaintiff does not get to circumvent the deadline by filing a draft and then updating her response with a completed version when plaintiff's counsel has gotten around to finishing it. Moreover, "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." LCvR 56.1(c). Plaintiff's original response did not controvert defendant's material facts 36-61. Therefore, the Court could strike plaintiff's untimely, second response and find defendant's materials facts 36-61 confessed for the purpose of summary judgment. However, because defendant's summary judgment motion should be granted regardless of which response the Court considers, see infra Part III, and defendant has not asked the Court to strike plaintiff's second response, see Dkt. # 127, at 1 n.1, the Court will treat plaintiff's second response (Dkt. # 112) as her response brief and will not strike the response for flagrant violations of Local Rule 7.1(c).

Nealis, LLC, 2017 WL 1091786, at n. 1. See March 22, 2017 Order attached as Exhibit 2.

Counsel's pattern of "violat[ing] nearly every aspect of Local Rule 7.2," coupled with a few new

tricks here, should matter

Indeed, the Court "is well within its discretion to strike a party's pleading as untimely where

the circumstances so warrant." *Freitag*, 2006 WL 2193340 (*citing Curran v. AMI Fireplace

Co.*, 163 Fed. Appx. 714, 718 (10th Cir. 2006); *In re Young*, 91 F.3d 1367, 1377 (10th Cir. 1996)).

*See also Ghamrawi v. Case & Assocs. Props.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004) (affirming

a district court decision to deny a fourth extension and to grant summary judgment unopposed where counsel claimed that another litigation matter left insufficient time to prepare a response).

If the Court strikes Plaintiff's Response, all of material facts set forth in its statement of material facts in Cox's Motion for Summary Judgment "shall be deemed admitted for purposes of summary judgment." LCvR56.1(c). *See also*, *Queen v. Simmons Foods, Inc.*, No. 06-CV-44-TCK-SAJ, 2007 WL 2948638, *2 (N.D. Okla. 2007) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002), stating, "by failing to file a timely response, Plaintiff has 'waive[d] the right to respond or controvert the facts asserted in the summary judgment motion,' and the 'court should accept as true all material facts asserted and properly supported in the summary judgment motion.'"). The Court may then make an additional determination, after reviewing the summary judgment record and applicable law, that judgment for Cox is appropriate under FED. R. CIV. P. 56.

### III.   IMPROPER EXHIBITS.

After multiple extensions of time, some authorized and some not, it would seem reasonable to expect Plaintiff's late Response to otherwise comply with the federal and local rules, and the sanctity of protective orders; it does not.

Plaintiff's exhibits begin with the number one (1) and end with the number ninety-five (95). Yet, Plaintiff originally only filed thirty-nine (39) individually numbered exhibits with his brief. (Doc. Nos. 135-1 to 135-39). The annoyance and confusion created by Plaintiff's disorganized number scheme, however, pales in comparison with the fact he included and omitted multiple exhibits in violation of FED. R. CIV. P. 56, LCvR56.1, LCvR79.1, and the Agreed Protective Order. (Doc. No. 108).

### A. Non-Filed and Latently-Filed Exhibits.

Attempting to navigate through the confusing labyrinth of cited exhibits in Plaintiff's Response quickly exposes an unacceptable level of thoughtlessness or carelessness exhibited by Plaintiff, and leads to one conclusion: Plaintiff's Response not only fails to meet the standard of FED. R. CIV. P. 56(c),[3] it is a pleading that should be stricken.

Until November 9, 2018, when Plaintiff granted himself leave to supplement the record with new exhibits, Plaintiff's Response contained fifty-four citations to unfiled "phantom" exhibits. *See* Plaintiff's Response (Doc. No. 135) and Exhibits (Doc Nos. 135-1 to 135-39). Now, 18 days after Plaintiff's counsel told the Court that he "finished preparing Plaintiff's Response," and, nine (9) days after he actually filed what Cox and the Court should have been able to conclude was a "finished" Response, Plaintiff slips six exhibits into the record:

> Plaintiff Mark Palzer ("Palzer" or "Plaintiff") hereby supplements his previously-filed *Response to Defendant CoxCom, LLC's Motion for Summary Judgment* [Dkt. #135] by correcting its omission of Exhibit Nos. 14, 75, 79, 80, 83 & 85, all of which were expressly referenced and cited to in such *Response*.

Doc. No. 140. This was not, however, "correcting" an inadvertent omission from the previous filing. Rather, this was an intentional omission like that observed by Judge Eagan in *Nealis*:

> **[This] is not a <u>corrected</u> version of her original response; it is a <u>completed</u> version of her original response**. Plaintiff's first response was filed as a placeholder three minutes before the deadline, and plaintiff's actual response was filed a day late. **Plaintiff does not get to circumvent the deadline by filing a draft and then updating her response with a completed version when plaintiff's counsel has gotten around to finishing it**.

---

[3] Rule 56(c) requires an adverse party to properly support an assertion of fact or properly address another party's assertion of facts by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" FED. R. CIV. P. 56(c).

*Nealis*, at n. 1 (underscore in original; bold added). Indeed, Exhibits 79, 80 and 85 are cited in Plaintiff's Response, but were never filed with the others on October 31, 2018 (nine days after the twice extended deadline had passed), because Plaintiff had not "gotten around to finishing" his exhibits in the 52 days after Cox filed is Motion for Summary Judgment in September 2018. Exhibit 79 is an affidavit signed on **November 1, 2018** (Doc. No. 140-3); Exhibit 80 is an affidavit dated **November 5, 2018** (Doc. No. 140-4); and, Exhibit 85 is an affidavit dated **November 8, 2018** (Doc. No. 140-6).

There is no justifiable excuse for Plaintiff not filing <u>all</u> of his cited exhibits when they were due, to include those which should have been filed under seal, let alone making a partial filing when Plaintiff extended his own deadline from October 22, 2018, to October 31, 2018. And there is no authority allowing Plaintiff to continue working on and fine-tuning his brief by collecting and filing new affidavits *after* he filed his Response. Cox respectfully requests the Court to strike Doc. No. 140, and its sub-part exhibits 1-6, from the record.

    **B.** **"Rough Draft" Deposition Transcript.**

Plaintiff's Exhibit 82 is not an official transcript of the deposition of Melissa Cruts and should be stricken:

```
           ERWIN REPORTING
        2517 EAST 57TH STREET
        TULSA, OKLAHOMA 74105
              (918) 231-2533


              ROUGH DRAFT
         NOT OFFICIAL TRANSCRIPT
```

Plaintiff's Response, Exhibit 82 (Doc No. 135-35). The official transcript was available to Plaintiff when he filed Plaintiff's Response out of time. The Rough Draft is incomplete; its page line testimony does not match the official transcript; and, Cox submits that it would not be admissible in evidence. Pursuant to FED. R. CIV. P. 56, Exhibit 82 should not be considered.

### C.    "Confidential – Subject to Protective Order"

Plaintiff violated the Agreed Protective Order, (Doc. No. 108), and LCvR79.1, by failing to file "Plaintiff's Exhibit" Nos. 55, 56, 58, 64, 69, 72 and 73 under seal. Plaintiff's Response. (Doc. Nos. 135-23 to 135-25, 135-28, 135-31, 135-32, 135-23).[4] The Agreed Protective Order, which is binding upon parties and their attorneys, contains the following relevant provisions:

> "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is contained in a document, revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.
>
> * * * *
>
> f.    The filing of any documents and materials with the Court containing or reflecting the contents of Confidential Information shall be governed by LCvR79.1 and Northern District General Order 08-11. NO SEALED FILINGS SHALL BE MADE PRIOR TO: (1) THE FILING OF A MOTION PURSUANT TO LCvR79.1, AND (2) AN ORDER GRANTING SUCH MOTION. The LCvR79.1 motion shall be filed at least two full business days prior to the date on which the proposed sealed filing is to be made. If the LCvR79.1 motion is granted, and to the extent not inconsistent with rule 79.1 and G.O. 08-11, such documents and materials shall be labeled "CONFIDENTIAL INFORMATION - SUBJECT TO COURT ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

Agreed Protective Order, §§ 1(c) and 2(f). (Doc. No. 108, pp. 2 and 4-5).

Plaintiff's Exhibit 58 is an excellent example of Plaintiff's egregious violation of the Agreed Protective Order. Like each of the identified exhibits which Plaintiff failed to file under

---

[4] Cox is seeking sanctions and an order for civil contempt under a separate filing.

seal, this exhibit plainly bears the proper markings of designated material subject to the Agreed Protective Order:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          COX_000099

*See, e.g.*, Plaintiff Exhibit 58, p.1 (Doc. No. 135-25, p. 1). Further, this seven (7) page exhibit contains six (6) pages of very specific and detailed proprietary research, financial information, and data specific to Cox's Tulsa marketplace. *Id.* at pp. 2-7. (Doc No. 135-25, pp. 2-7).

Plaintiff acted in complete disregard of the Agreed Protective Order, and failed to take any step outlined in the same or as required under LCvR79.1. Further, if Plaintiff had any doubt or question regarding the confidential nature of the documents—which is unimaginable—he should have sought permission or clarification from the Court. *See Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1439 (N.D. Ill. 1995) (noting that if the attorney "had any doubts about exactly what he could or could not disclose, he had the continued opportunity to seek clarification" and that when "a [plaintiff] undertakes his own interpretation of an order, and does not seek clarification, then he proceeds at his peril").

Here, Plaintiff's counsel did indeed recklessly proceed at his own peril, but his ambivalence towards court rules and orders also came at a cost to Cox. A party to a protective order should be able to rely in confidence that its proprietary information will not be carelessly and publicly exposed by the other party. Cox asks the Court to strike Plaintiff's Exhibit Nos. 55, 56, 58, 64, 69, 72 and 73.

### IV.    "Plaintiff's [R]esponse violates nearly every aspect of Local Rule 7.2(c)"[5]

Plaintiff's Response is actually a 42 page brief disguised as a 35¼ page brief. *See* Exhibit

---

[5] Judge Claire Eagan in *Nealis v. CoxCom, LLC*, Case No. 16-CV-0078-CVE-TLW, 2017 WL 1091786, *1 n. 1 (N.D. Okla. Mar. 22, 2017). *See* March 22, 2017 Order attached as Exhibit 2.

1, Conforming Brief. Indeed, Plaintiff used 11 pitch font in the general text instead of 12 characters to an inch; used 10 pitch font in footnotes instead of 12; and, liberally used single-spaced lines instead of double-spaced lines for large portions of his legal argument, all of which violate LCvR7.2(c) and the Court's Order granting Plaintiff leave to file a 35 page brief. (Doc. No. 131).

Although this section of Cox's Motion to Strike is short, its length should not diminish the gravity of deception displayed in the formatting of Plaintiff's Response. It was intentional. Plaintiff obtained an Order of the Court to file a 35 page brief. (Doc. No. 131). He then broke "nearly every aspect of Local Rule 7.2(c)" to cover-up his intentional violation of the Court's Order. He knew it when he did it, and, he knew it when he filed it. Plaintiff's Response warrants being stricken from the record. Apparently, nothing short of that dissuades Plaintiff's counsel from repeatedly employing the same conduct in matter after matter.

### V.     Sanctions.

Cox respectfully requests the Court to award Cox its attorney fees and costs incurred by Plaintiff's willful and multiple violations of the Court's Orders or the Local Rules. "Any attorney or other person admitted to conduct cases" in this Court, "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Cox further requests the Court to sanction Plaintiff pursuant to LCvR7.2(f), which provides—at the Court's discretion—that "the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion." *Id. See also* FED. R. CIV. P. 16(f) (allowing the Court to impose sanctions for failure to comply with scheduling order, including attorney fees and costs incurred because of said noncompliance); and, *Freitag*, 2006 WL 2193340 (finding the

defendant was entitled to all attorney fees and costs incurred in connection with the delinquent response). As the moving party, Cox respectfully requests its attorney fees and costs caused by Plaintiff, as outlined above.

## CONCLUSION

Plaintiff's Response and the multiple violations and improper manipulation of the Federal Rules, Local Rules, and orders of this Court warrant an Order striking Plaintiff's Response and his exhibits from the record. Respectfully, the Court should thereafter deem Cox's Statement of Material Facts admitted pursuant to LCvR56.1(c); make an additional determination, after reviewing the summary judgment record and applicable law, that judgment for Cox is appropriate under Rule 56; and, award Cox its attorney fees and costs incurred in connection with Plaintiff's failure to timely oppose the Motion for Summary Judgment, and as a sanction for vexatiously multiplying these proceedings.

Dated: November 13, 2018

Respectfully submitted,

By: *s/Keith A. Wilkes*
William W. O'Connor, OBA No. 13200
Keith A. Wilkes, OBA No. 16750
Margo E. Shipley, OBA No. 32118
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
kwilkes@hallestill.com
mshipley@hallestill.com

-and-

William D. Deveney, Admitted *Pro Hac Vice*
**ELARBEE, THOMPSON, SAPP & WILSON, LLP**
229 Peachtree Street, N.E., Ste. 800
Atlanta, GA  30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718
deveney@elarbeethompson.com

**ATTORNEYS FOR DEFENDANT, COXCOM, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

                                             *s/Keith A. Wilkes*
                                             Keith A. Wilkes