UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY PALZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-CV-564-GKF-JFJ |
| v. ) | |
| ) | |
| COXCOM, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Mark Palzer ("Palzer" or "Plaintiff"), for his response in opposition to the *Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment* **[Dkt. #141]** filed herein by Defendant CoxCom, LLC ("Cox" or "Defendant"), would hereby show the Court as follows:

## ARGUMENTS AND AUTHORITY

I.    **Plaintiff's response to Cox's *Motion for Summary Judgment***

**A. There has been no "pattern of disregard for this Court's Local Rules, orders, and the Scheduling Order."**

In its *Motion to Strike*, Cox cites a footnote in the summary judgment order in *Nealis v. CoxCom, LLC*, 2017 WL 1091786 *1 (N.D.Okla.), in support of its argument that Plaintiff's counsel has as "exhibit pattern of disregard for this Court's Local Rules, orders, and the Scheduling Order, both before and after the filing of Plaintiff's [*Response to Defendant CoxCom, LLC's Motion for Summary Judgment*]." **[Dkt. #141, p. 6]** As set forth below, however, Cox's argument lacks merit, both factually and legally.

First, the order in *Nealis* deals with conduct that Plaintiff's counsel did **not** repeat here. Namely, here, Plaintiff's counsel (a) did not file a brief "longer than twenty-five pages without leave of the Court;" (b) did not use print smaller than 12-pitch font in the body of Plaintiff's brief; (c) did not fail to include a table of contents; (d) did not fail to include a table of authorities; (e) did not fail to file Plaintiff's exhibits contemporaneously with, and as part of, Plaintiff's summary judgment response brief; (f) did not file a "corrected response" (or any supplemental pleading that materially added to Plaintiff's original summary judgment response brief); and (g) did not subsequently add to Plaintiff's original responses to Cox's "undisputed material facts." Even **if** Plaintiff's counsel had again committed these errors in this case, however, counsel's errors in a previous, separate case still would not justify sanctioning Plaintiff in this case. *See, e.g., Doyle v. Murray*, 938 F.2d 33, 34-35 (4th Cir. 1991).

Plaintiff's counsel candidly admits that the footnotes in the summary judgment response should have been in 12-point font. Plaintiff counsel, however, did not intentionally violate the local rule. Rather, Plaintiff's use of 10-point font in the footnotes was inadvertent and attributable to his mistaken use of the incorrect template -- certainly **not** some attempt to thumb its nose at the Court, as Cox seems to suggest. Moreover, the mistake is neither uncommon nor unique to Plaintiff. Indeed, there have been several instances in this case alone where defense counsel itself has made the **very same mistake** about which it now complains (*i.e.*, the use of 10- and 11-point font in footnotes). **[*See, e.g.,* Ex. B; Ex. C; Ex. D]**

Finally, the mistaken use of 10-point font in the footnotes did not permit Plaintiff to greatly exceed the limitations of the Local Rules. Rather, after resetting the font to its

regular setting at 12-point, moving the citation of certain authorities (in pp. 32-35) to the footnotes, and re-formatting the numbering of "Plaintiff's Additional Material and/or Disputed Facts," Plaintiff's response would only exceed the 35-page limit by one-half a page. **[*See* Ex. F[1]]**

> **B. The two formatting errors in Plaintiff's response brief were not the product of a willful or contumacious violation of LCvR7.2, were neither intended – nor actually served – to circumvent the 35-page limit, and regularly plague Cox's own filings.**

There are only two formatting errors in Plaintiff's *Response* – the 10-point font footnotes, and the single spacing used from the last twelve lines of page 32 to the first five lines of page 35. As noted above, after resetting the font to its regular setting at 12-point, moving the citation of certain authorities (in pp. 32-35) to the footnotes, and re-formatting the numbering of "Plaintiff's Additional Material and/or Disputed Facts," Plaintiff's response would only exceed the 35-page limit by one-half a page. **[*See* Ex. F & footnote 1]** Courts addressing the issue have held that in cases such as this, the appropriate remedy is to permit the filing of a curative brief conforming with the local rules. *See, e.g., Sunlight Solutions, LLC v. Birnbaum*, 2008 WL 508459 (W.D.N.Y.) (in denying defendant's motion to strike plaintiff's response brief, the court held that "[a]lthough the plaintiff did not request or obtain permission to exceed the page and font limitations set by the local rules, the plaintiff's response does not greatly exceed those limitations," noting that "by resetting the font to its regular setting at 12-point, the response would only have" exceeded the 25-page limit by one page); *Williams v. City of*

---

[1] Defendant is incorrect in its assertion that the font in the body of Plaintiff's brief was 11-point font. To demonstrate this to the Court, Plaintiff has converted its *Response* from the 12-point font used to the 11-point font Cox accuses it of using. Among other things, had Plaintiff indeed used 11-point font, the brief it filed would have been only 33 pages in length. **[*See* Ex. E]**

3

*Mesa Police Dept.*, 2011 WL 166712 *1 (D.Ariz.) (plaintiff's summary judgment response brief, which exceeded page limitation without prior court approval and used type smaller than 10 pitch, was stricken without prejudice; in permitting plaintiff to re-file response in conformity with local rules, the court held that it would "not impose monetary sanctions against plaintiff's counsel," noting that "[t]he Court only desires compliance with prior court orders and the Local Rules., not imposing punitive measures"); *Khattab v. Morehouse School of Medicine*, 2009 WL 10666070 *2 (N.D.Ga.) (where plaintiff's summary judgment response brief and exhibits, as well as first attempt to correct same, exceeded page limits by as much as 65 pages, were single-spaced, and used improper font size, court -- although granting defendant's motion to strike -- gave plaintiff ten days within which to re-file a summary judgment brief that conformed with local size and formatting rules); *Paschal v. McHugh*, 2015 WL 3836965 *1 (N.D.Ala.) (after striking plaintiff's initial brief in opposition to defendant's motion for summary judgment for failing to comply with size and format requirements, the court directed plaintiff to file a response brief that complied with the formatting requirements and page limitations).

> **C. Plaintiff's response brief complies with the procedural requirements of FED.R.CIV.P. 56(c)(1), and the attachments thereto were intentionally organized and numbered so as to correspond with the exhibit numbers used in the deposition of Cox's 30(b)(6) designee.**

Although Cox claims that it is difficult to "navigate through the confusing labyrinth of cited exhibits," which, according to Cox, "exposes an unacceptable level of thoughtlessness or carelessness … [that] fails to meet the standard of FED.R.CIV.P. 56(c)," such is simply not the case. Rather, to eliminate confusion and for the Court's convenience, the attachments to Plaintiff's *Response* were intentionally organized and

4

numbered so as to correspond with the exhibit numbers used in the deposition of Cox's 30(b)(6) designee.  Cox summary judgment exhibits, on the other hand, **are** difficult to navigate in that, among other things, they re-use the same letter, are not filed as separate exhibits or otherwise bookmarked for instant access.

> **D. There is no merit to the argument that by attaching certain exhibits to the summary judgment response brief, Plaintiff's counsel "egregiously violated" the parties' *Agreed Protective Order* by "carelessly and publicly expos[ing]" confidential information and records.**

Cox also asks the Court to strike Exhibit Nos. 55, 56, 58, 64, 69, 72, and 73 to Plaintiff's summary judgment response brief, arguing that Plaintiff committed an "egregious violation of the *Agreed Protective Order*" by "fail[ing] to file [such] documents] under seal." **[**See **Dkt. #141, pp. 11-12 & n. 4]**  According to Cox, Plaintiff's counsel "carelessly and publicly exposed" Cox's proprietary research, financial information, and other data, and it is "unimaginable" that Plaintiff could have "any doubt or question regarding the confidential nature of [such] documents."  Cox states that for this reason, it is also going to pursue "sanctions and an order for civil contempt under a separate filing."

These arguments not only lack merit, they also appear to have been brought in bad faith. **[**See**. Ex. G;** see also **Dkt. #109, p. 5 & p. 11, ¶ 11(a)]**  Indeed, contrary to Cox's claim, 57 of the 61 pages of records in question were confidential neither prior to the time Plaintiff filed his *Response*, nor at present.  In particular, twenty (20) of the documents were **publicly filed by Cox** in this case. **[Ex. A, COX-000068, COX-000071, COX-000076, COX-000100 through COX-000105, COX-000122, COX-000137 through COX-000138, and COX-000246 through COX-000253]**  Two (2) more documents are being made publicly available by Cox on its website. **[Ex. A, COX-**

5

**000014 & COX-000017]** Thirty-five (35) others were rightfully and independently obtained by Plaintiff Mark Palzer prior to and/or outside this litigation, with thirty-one (31) such documents being produced in this case **by** Plaintiff. **[Ex. A, COX-000199 through COX-000129]** The remaining four (4) documents do not contain information that is confidential, proprietary, or that LCvR79.1 requires to be filed under seal. **[Ex. A, COX-000001, COX-000078, COX-000099 & COX-000121]** Rather, they were only marked "confidential" by Cox because, Cox -- in violation of LCvR79.1 and the provision of the *Stipulated Protective Order* mandating that each party "use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal" -- blanket-designated as "confidential" **every single document** that it produced in this case.

> **E. The Court should not strike Plaintiff's summary judgment response brief as untimely since it was filed within one business day of counsel learning that the Court had granted his motion to exceed page limitation, and because the judicial system is strongly predisposed to the resolution of cases on their merits.**

Cox correctly states that Plaintiff's counsel twice obtained leave for additional time in which to file Plaintiff's summary judgment response. Counsel represents that he was unaware the Court had granted his application for leave to exceed page limitation. Although he does not know for certain, counsel believes that the CM-ECF notice regarding the Court's order may have inadvertently been clicked along with another e-mail and/or moved to the "read" folder without counsel noticing. Nevertheless, counsel communicated with the Court about his filing of Plaintiff's *Response*. When checking phone messages on October 30th, counsel listened to a voice mail left the previous day from Judge Frizzell's office notifying him that the Court had granted his application to

exceed page limitation and asking him when the brief would be filed. **[See Ex. I]** Upon listening to the message, counsel immediately contacted the judge's office **[see Ex. H]**, informing the bailiff or assistant that he had not seen the CM-ECF notice (which did not set a date or time certain for filing) and that he would immediately begin finalizing the brief and attachments for filing. Plaintiff then filed the brief and attachments the following business day.

    **II.**     **Cox has engaged in litigation tactics that are unnecessarily burdensome, time consuming, and abusive. Such tactics counterbalance any procedural infraction on the part of Plaintiff and, given the totality of the circumstances, weigh heavily against striking Plaintiff's summary judgment response brief or sanctioning Plaintiff's counsel.**

*See* Dkt. #152, footnotes 7-9.

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court deny Defendant's *Motion to Strike* or, in the alternative, permit Plaintiff to file a curative instrument in conformity with the Local Rules and any order of this Court.

**Respectfully submitted:**

**CAMP LAW FIRM**

By: /s/ Christopher L. Camp
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma 74133
Telephone: (918) 200-4871
Facsimile: (918) 550-8337
E-mail: camplawfirm@gmail.com

**Attorney for Plaintiff Mark Palzer**

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 17, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor, Esq.
Keith Wilkes, Esq.
Margo Shipley, Esq.
William Drummond Deveney, Esq.

_/s/ Christopher L. Camp_
Christopher L. Camp, OBA #18541