IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY PALZER, an individual, | ) ) ) |
| Plaintiff, | ) ) Case No. 15-CV-564-GKF-JFJ ) |
| v. | ) ) |
| COXCOM, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Enforce Magistrate Judge's Order ("Motion to Enforce") (ECF No. 134).

On March 28, 2018, the Court held a hearing and heard arguments on a motion to compel filed by Defendant. For reasons stated at the hearing, the Court granted the motion to compel and denied Defendant's request for a sanction of prohibiting Plaintiff from conducting a Rule 30(b)(6) deposition. The Court took under advisement Defendant's request for monetary sanctions under Rule 37(a)(5)(A) and request to preclude witnesses and exhibits under Rule 37(d)(1)(A)(ii). On April 5, 2018, the Court conducted a telephonic hearing, granted Defendant's motion for a monetary sanction in the amount of Defendant's reasonable fees incurred for preparation of the reply brief and attending the hearing, and denied Defendant's request for other sanctions. On July 23, 2018, the Court granted Defendant's motion for fees in the specific amount of $6,688.50 and made clear that such sanction was imposed upon counsel for Plaintiff, Christopher Camp ("Camp"), pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

In the pending Motion to Enforce, Defendant seeks payment of the sanction, arguing that Camp failed to pay the sanction despite Defendant's repeated requests. In his response and surreply, Camp requests an equitable reduction of the sanction based on his personal financial

information ("Sealed Financial Information"), *see* ECF No. 158 (sealed filing), and/or requests that the Court permit delayed payment or a payment schedule.  Although Camp has not filed a separate motion to reconsider, Camp also challenges the propriety and amount of the discovery sanction throughout his extensive briefing on the Motion to Enforce.

To the extent Camp objects to the Court's Rule 37(a)(5)(A) sanction, or the reasonableness of Defendant's requested fee, those issues have been decided by the Court.  The Court imposed as a sanction the expenses incurred by Defendant associated with the motion to compel that the Court found to be clearly necessitated by Camp's conduct.  The Court imposed the sanction on Camp, rather than his client, based on Camp's explanation that his client had given him the responsive documents, Camp produced them to Defendant's counsel's prior law firm, but then Camp failed to produce them again until the hearing on the motion to compel.  Even assuming the veracity of this explanation, the delay in production and need for court intervention, at least from the time Plaintiff received the motion to compel, was necessitated by counsel rather than his client.  As to the reasonableness of Defendant's fee request, the Court did not rely solely on Camp's lack of objection but instead considered the reasonableness of the requested rates and the eleven time entries submitted by Defendant's counsel and found them to be reasonable.[1]

The thrust of Camp's objection to the Motion to Enforce is that he is financially unable to "pay the fee immediately and/or in its entirety."  ECF No. 152 at 3.  In a sealed Financial Declaration, Camp states that he is a solo practitioner and that the award would cause a "significant economic hardship, both personally and professionally."  ECF No. 158 at ¶ 6 (explaining in detail the personal and professional hardships full and immediate payment would impose).  Generally, courts may consider financial hardship as an affirmative defense to the imposition of monetary

---

[1] Notably, however, Camp wholly failed to respond to the motion for fees or otherwise inform the Court of his financial hardship until responding to the Motion to Enforce.

sanctions. *See White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) (holding, in context of Rule 11 sanctions, that "[i]nability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status"); *see also* Fed. R. Civ. P. 37(a)(5)(A)(iii) (court may decline to award discovery sanctions upon showing that award of expenses is unjust).

Upon consideration of Camp's Sealed Financial Information, and specifically Camp's "average end-of-month balance for [his] business and personal checking accounts" for 2018, *see* ECF No. 158 at ¶ 5, the Court finds equitable reasons to reduce the sanction by $4,000.00 and permit payment of the sanction over time.  Camp has shown that, although he engaged in sanctionable discovery conduct, his financial circumstances "make [the total] award of expenses unjust."  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  The Court's current sanction imposes too great a burden on Camp and his solo law practice, considering the nature of Camp's discovery conduct, Camp's financial information, and the Court's purpose in imposing the discovery sanction. Although Defendant will be deprived of reasonable expenses incurred as a result of this conduct, the Court exercises its discretion to reduce the award for equitable reasons.

Therefore, Defendant's Motion to Enforce (ECF No. 134), which requests immediate payment in the entire amount, is DENIED.  In its equitable discretion, and based on Camp's Sealed Financial Information, the Court reduces the Rule 37(a)(5)(A) discovery sanction to $2,688.50 and orders that it be paid in monthly installments of $200.00 or greater until paid in full.

**SO ORDERED** this 19th day of April, 2019.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

3