**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARK ANTHONY PALZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-00564-GKF-JFJ |
| | ) | |
| COX OKLAHOMA TELCOM, LLC | ) | |
| and COXCOM, LLC d/b/a COX | ) | |
| COMMUNICATIONS TULSA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court on the Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support [Doc. 141] of defendant CoxCom, LLC d/b/a Cox Communications Tulsa ("Cox").  For the reasons discussed below, the motion is granted.

## I.     Background/Procedural History

This case has a lengthy procedural history.  The court summarizes only those events relevant to the motion to strike.  This is an employment discrimination case.  Plaintiff asserts claims for discrimination based on age and retaliatory discharge in violation of Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.; discrimination based on race and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; and breach of contract.[1]

---

[1] Plaintiff's Petition for Wrongful Termination and Discrimination in Employment also asserted claims under the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. §§ 1101 *et seq*.  In its Opinion and Order dated July 3, 2018, this court dismissed plaintiff's OADA claims.  *See* [Doc. 102].

Written discovery in this matter closed on March 1, 2018.  [Doc. 55].  Plaintiff did not propound written discovery requests to defendant.[2]   [Doc. 126, p. 6].   The court permitted discovery to continue until September 4, 2018,[3] for the limited purpose of deposing plaintiff and Cox's FED. R. CIV. P. 30(b)(6) corporate representative.  [Doc. 72].  On August 23, 2018, plaintiff deposed defendant's Rule 30(b)(6) representative, Melissa Mason Cruts.   After the close of discovery, on September 17, 2018, plaintiff filed a Motion for Order Compelling Defendant to Submit for Deposition under FED. R. CIV. P. 30(b)(6) by Presenting a Designee Who is Properly Prepared to Testify Regarding Examination Topic Nos. 3, 5-6, 9, 13, 15, 23, and 25-26.  [Doc. 110].   Therein, plaintiff contended that Cruts was not knowledgeable and prepared to testify as required by FED. R. CIV. P. 30(b)(6) with respect to the disputed topics and therefore sought an order compelling defendant to present "a corporate designee who is fully prepared to answer questions falling within those eight key areas (including those questions that were previously asked, but about which Cox's 30(b)(6) designee lacked – or claimed to lack – sufficient knowledge), and to allow full examination of such designee."  [Doc. 110, pp. 2-3].  Pursuant to 28 U.S.C. § 636, this court referred plaintiff's motion to U.S. Magistrate Judge Jayne.  On October 3, 2018, the parties appeared before the magistrate judge for a hearing on the motion.  At the close

---

[2] Defendant issued written interrogatories and requests for production of documents to plaintiff. Plaintiff failed to timely respond and, February 19, 2018, defendant moved to compel plaintiff's discovery responses, as well as his preliminary witness and exhibit list.  [Doc. 63].  Magistrate Judge Jayne granted defendant's motion to compel [Doc. 84], and sanctioned plaintiff's counsel in the amount of reasonable attorney's fees incurred for preparation of the reply brief in support of defendant's motion to compel and for preparing and attending the March 28, 2018, hearing.  [Doc. 87].

[3] The parties requested agreed extensions on four separate occasions, which the court granted. *See* [Doc. 75, Doc. 90, Doc. 94, and Doc. 101].

of argument, Magistrate Judge Jayne issued a verbal order from the bench denying plaintiff's motion. [Doc. 121].

The Fourth Amended Scheduling Order provided a dispositive motion deadline of September 18, 2018. [Doc. 101]. Defendant timely filed its motion for summary judgment on that date. [Doc. 114]. Pursuant to Local Civil Rule 7.2(e), plaintiff's response was due on October 9, 2018. That day, plaintiff filed the Unopposed Application for Enlargement of Deadline for Responding to Defendant's Motion for Summary Judgment seeking an additional ten (10) days, until October 19, 2018, to respond to defendant's motion for summary judgment. [Doc. 123]. The application represented as follows:

> 2.    [Since defendant's filing of its motion for summary judgment], Plaintiff's attorney Christopher Camp, a solo practitioner, has had numerous briefing and discovery deadlines (including appellate briefing and out-of-town depositional discovery), court appearances, and additional obligations in his other cases warranting his immediate attention.
>
> 3.    This *Application* is made so that the undersigned will have adequate time to fully address the allegations and arguments raised by Defendant's *Motion* (which involves complex factual and legal issues to which Plaintiff should be permitted to respond), while continuing to meet the other deadlines set by this Court and other courts.

[*Id.* p. 2]. The court granted plaintiff's application. [Doc. 125].

At 11:58 p.m. on October 18, 2018—the day before plaintiff's response deadline—plaintiff filed an Objection to Magistrate Judge's October 3rd Order Denying Motion to Compel Compliance with FED. R. CIV. P. 30(b)(6). [Doc. 126]. The next day—plaintiff's response deadline—plaintiff filed an Unopposed Application for Additional Enlargement of Deadline for Responding to defendant's Motion for Summary Judgment. [Doc. 128]. The request for additional enlargement of deadline sought one additional business day, or until October 22, 2018, to file a

response to defendant's motion for summary judgment.  [*Id.* p. 1].  The application represented as follows:

> 2.      [Since Cox's filing of its motion for summary judgment], Plaintiff's attorney Christopher Camp, a solo practitioner, has had numerous briefing and discovery deadlines (including appellate briefing and out-of-town depositional discovery), court appearances, and additional obligations in his other cases warranting his immediate attention.
>
> \*\*\*
>
> 5.      On Thursday, October 18th, the undersigned was notified that another matter he is handling had been set for expedited hearing, unexpectedly requiring him to divert his attention from the instant matter, to engage in the expedited review of records and preparation of testimony, and to be away from the office and outside the county on Friday (when he otherwise would have been completing the preparation of his Response brief).

[Id. pp. 1-2].  The court granted plaintiff's request for extension of time.  [Doc. 129].

At 11:56 p.m. on October 22, plaintiff filed an "Assumed Opposed Motion to Exceed Page Limitation."  [Doc. 130].  The motion included the following:

> Due to the hour at which the undersigned attorney **finished preparing** Plaintiff's *Response*, it was not possible for him to communicate with defense counsel for the purpose of ascertaining whether Defendant objects to the instant request to exceed the page limitation set forth in in [*sic*] N.D. LCvR 7.2(c).  Accordingly, the Court should assume that Defendant would oppose the relief sought by this *Motion*.

[*Id.* p. 1 (emphasis added)].  The court granted plaintiff's motion to exceed page limit the next morning, October 23.  [Doc. 131].

The court received nothing further from plaintiff until 8:31 p.m. on October 31, 2018, when plaintiff filed his response to defendant's motion for summary judgment.  [Doc. 135].  However, the response was deficient.  Although plaintiff referenced exhibits 14, 75, 79, 80, 83, and 85, plaintiff did not attach these exhibits.  Further, the brief's footnotes were smaller than 12 pitch font in violation of LCvR 7.2(c).  [*Id.*].

Then, *without seeking leave of the court*, on November 9, 2018, plaintiff filed an Errata/Correction to Pages 3, 14, 15 & 33 of Plaintiff Mark Palzer's Response to Defendant

CoxCom, LLC's Motion for Summary Judgment.  [Doc. 139].  Plaintiff represented the purpose of the errata was "correcting certain typographical omissions and errors" in his response brief.  [*Id.* p. 1].  That same day, November 9, plaintiff filed a "supplement" attaching exhibit nos. 14, 75, 79, 80, 83 and 85.  [Doc. 140].  The supplement attached the following exhibits: (a) Exhibit 14 – map of Tulsa-area zip codes reflecting assignment to Mark, Hunter, Chuck, or Larry; (b) Exhibit 75 – Affidavit of Mark Palzer, dated October 22, 2018; (c) Exhibit 79 – Affidavit of Carissa (Nealis) Paquette, dated November 1, 2018; (d) Exhibit 80 – Affidavit of Matt Hughes, dated November 5, 2018; (e) Exhibit 83 – Affidavit of Melissa Cruts, dated September 18, 2018; and (f) Exhibit 85 – Affidavit of Steven M. Fulps, dated November 8, 2018.  [Doc. 140].  The supplement stated as follows:

> Plaintiff Mark Palzer ("Palzer" or "Plaintiff") hereby supplements his previously-filed *Response to Defendant CoxCom, LLC's Motion for Summary Judgment* [Dkt. #135] by correcting its omission of Exhibit Nos. 14, 75, 79, 80, 83 & 85, all of which were expressly referenced and cited to in such *Response*.

[*Id.*].  Accordingly, plaintiff's response brief was not "complete" until November 9, 2018, almost three (3) weeks after the response deadline.

On November 13, 2018, defendant filed the instant motion to strike.  The next day, on November 14, 2018, the court struck the remaining deadlines included in the Fourth Amended Scheduling Order in light of the motion to strike and plaintiff's objection to the magistrate judge's denial of his motion to compel.  [Doc. 142].

Pursuant to LCvR 7.2, plaintiff's deadline to respond to the motion to strike was Tuesday, December 4, 2018.  Plaintiff did not file a response.  Two days after the deadline, on Thursday, December 6, 2018, at 10:51 p.m., plaintiff filed the Application for Enlargement of Deadline to Respond to Defendant's Motion to Strike, seeking an order granting him until Friday, December

14, 2018 to file a response to defendant's motion to strike. [Doc. 153]. The application asserted as follows:

> Since the filing of Cox's *Motion to Strike*, Plaintiff's attorney Christopher Camp, a solo practitioner, has had numerous briefing and discovery deadlines, voluminous work to complete in connection with the dissolution of a company currently in receivership, and additional obligations in his other cases warranting his immediate attention.

[*Id.* pp. 1-2, ¶ 2]. The court entered the following minute order granting plaintiff's request:

> Plaintiff Mark Palzer's Application for Enlargement of Deadline to Respond to Defendant's Motion to Strike is granted. Plaintiff has until 12/14/18 to file his response; Defendant has until 12/28/18 to file its reply. **No further extensions shall be granted**.

[Doc. 154 (emphasis added)]. Nevertheless, on December 14, 2018—the deadline for plaintiff to respond to the motion to strike—plaintiff filed a Second Application for Enlargement of Deadline to Respond to Defendant's Motion to Strike, seeking an additional extension of time to respond to Monday, December 17, 2018 and citing counsel's "handful of court appearances, several client meetings, and work on certain time-sensitive administrative matters[.]" [Doc. 159, p. 2, ¶ 4].

On Monday, December 17, 2018, at 4:07 p.m., the court denied plaintiff's second application to extend deadline for failure to demonstrate good cause and based on the court's prior admonition that no further extensions of time would be granted. [Doc. 160]. Despite this court's order, at 11:58 p.m. that night, plaintiff filed a response to the motion to strike [Doc. 161], which the court struck. [Doc. 162]. Thus, the motion to strike is ripe for this court's review.

## II.    Motion to Strike Analysis

Federal Rule of Civil Procedure 6 permits the court to extend time to perform an act that must be done within a specified period of time "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "A finding of excusable neglect depends on four factors: '[1] the danger of prejudice to the [non-moving party],

[2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd, P'ship*, 507 U.S. 380, 395 (1993)).  However, "[t]he most important factor is the third[.]"  *Id.*  Absent a showing of excusable neglect, a district court does not abuse its discretion by prohibiting a party from filing an untimely document.  *See Ghamrawi v. Case & Assocs. Props. Inc.*, 116 F. App'x 206, 210 (10th Cir. 2004); *Curran v. AMI Fireplace Co. Inc.*, 163 F. App'x 714, 718 (10th Cir. 2006) (finding no abuse of discretion in a district court's decision to strike an untimely summary judgment response brief where counsel failed to abide by specific deadline set by court in minute order); *see also Sizemore v. State of New Mexico Dep't of Labor*, 182 F. App'x 848, 852-53 (10th Cir. 2006) (no abuse of discretion in denying motion for extension of time to respond to summary judgment based on counsel error).[4]

The court first considers the third—and most important—factor, the reason for the delay and whether it was within plaintiff's control.  As previously stated, plaintiff did not seek leave of this court to file his response brief on October 31, more than a week after the second extended deadline set by this court.  As a result, the court cannot look to any request for extension of time to determine the reason for delay.  Nor did plaintiff seek leave to supplement his response brief. The court therefore cannot look to the supplement to understand the basis for plaintiff's delay. Finally, plaintiff failed to timely respond to defendant's motion to strike.  Accordingly, Plaintiff

---

[4] "Unpublished decisions are not precedential, but may be cited for their persuasive value."  10th Cir. R. 32.1(A).

offers *no reason* for his failure to file a complete response brief by the October 22, 2018 deadline, despite the court having granted him two extensions to do so.

Plaintiff's failure to timely respond is rendered all the more confusing by counsel's representation in the motion to exceed page limitation that he had "**finished preparing** Plaintiff's Response[.]" [Doc. 130, p. 1, ¶ 1]. Counsel offered no reason outside his control that prevented him from filing a complete response, with all referenced exhibits, until November 9 (over three weeks after the deadline) if he had, in fact, "finished preparing" that response on October 22. To the extent plaintiff's counsel would rely on his "voluminous workload" as a sole practitioner (as he had in requesting prior extensions), "[t]he 'usual excuse that the lawyer is too busy . . . can be used, perhaps truthfully, in almost every case.'" *Freitag v. Sonic Auto., Inc.*, No. 04-CV-164-JHP-FHM, 2006 WL 2193340, at *2 (N.D. Okla. Aug. 1, 2006) (quoting *Md. Cas. Co. v. Conner*, 382 F.2d 13, 17-18 (10th Cir. 1967)). Plaintiff offers nothing to suggest that the circumstances of this case are so unique to render his failure to timely respond excusable. Rather, the procedural history of this matter suggests a pattern and practice by plaintiff's counsel of disregarding the Federal Rules of Civil Procedure and the Local Civil Rules.[5] Accordingly, the third factor weighs strongly in favor of striking plaintiff's response brief.[6]

---

[5] Nor does counsel's pattern of conduct appear to be limited to this case. *See* 16-CV-0078-CVE-TLW.

[6] Even if the court were to consider the reason offered in plaintiff's stricken response to defendant's motion to strike, the third factor weighs in favor of striking plaintiff's response to defendant's motion for summary judgment. Therein, Camp explains that he was unaware that the court granted his motion for leave to exceed page limit because, "[a]lthough he does not know for certain, counsel believes that the CM-ECF notice regarding the Court's order may have inadvertently been clicked along with another e-mail and/or moved to the 'read' folder without counsel noticing." [Doc. 161, p. 6]. Camp explains that he received a voicemail from the court regarding his tardy response on October 29 (which he did not listen to until the next day). Camp represents:

With respect to the fourth factor, circumstances surrounding plaintiff's response suggest bad faith. As previously stated, on October 22, 2018, plaintiff's counsel represented to the court that he had "finished preparing" plaintiff's response brief. Yet, plaintiff did not file a response until nine (9) days later. Even then, the response was incomplete. Although referenced in the response brief, plaintiff did not file exhibits 5, 75, 79, 80, 83, and 85 until nine days after that, on November 9. More problematic, however, three of the exhibits—exhibits 79, 80, and 85—are affidavits dated *after* October 31, the date on which plaintiff filed his response brief. These circumstances strongly suggest that plaintiff's counsel engaged in questionable, if not bad faith conduct, and delayed filing his response brief in order to obtain additional time to complete the brief and exhibits without leave of this court.[7] Thus, the fourth factor weighs in favor of striking plaintiff's response to defendant's motion for summary judgment.

---

Upon listening to the message, counsel immediately contacted the judge's office [see Ex. H], informing the bailiff or assistant that he had not seen the CM-ECF notice (which did not set a date or time certain for filing) *and that he would immediately begin finalizing the brief and attachments for filing*. Plaintiff then filed the brief and attachments the following business day.

[Doc. 161, p. 7 (emphasis added)]. The stricken response brief is not persuasive for three separate reasons. First, the court did not include "a date or time certain for filing" plaintiff's response brief because a deadline existed—October 22. If plaintiff required additional time, he should have requested an extension, as well as leave to exceed the page limitation. Second, if plaintiff had, in fact, "finished preparing Plaintiff's Response" as he represented in his motion to exceed page limitation, he offers nothing to explain why he required almost two full business days to finalize and file the briefing and attachments. Third, plaintiff's response provides no explanation for his failure to attach all referenced exhibits to the response brief filed on October 31, 2018, or why he required until November 9, 2018 to provide the court and opposing counsel with a complete response brief.

[7] This is despite Camp's October 22 representation to the court that he had "finished preparing Plaintiff's Response." [Doc. 130, p. 1, ¶ 1]. Plaintiff's stricken response to defendant's motion to strike also contains embellishments—if not misrepresentations—of the truth. Plaintiff's counsel states that, in this case, he did not "fail to file Plaintiff's exhibits contemporaneously with, and as part of, Plaintiff's summary judgment response brief," "file a 'corrected response' (or any supplemental pleading that materially added to Plaintiff's original summary judgment response

Finally, with respect to the first and second factors, the court notes that plaintiff's delinquencies have resulted in prejudice to the defendant and effected the judicial proceedings, as the court found it necessary to strike all remaining scheduling order deadlines a month prior to the hearing on dispositive motions. *See* [Doc. 101 and 141].

Based on the foregoing, all four of the relevant factors weigh in favor of striking plaintiff's response to defendant's motion for summary judgment, and the response (including the errata/correction and supplement) is stricken. Striking a summary judgment response is not something this court takes lightly. However, if ever circumstances existed to warrant the action, this is such a case. Throughout the course of this litigation, plaintiff's counsel has demonstrated a disregard for the Federal Rules of Civil Procedure and Local Civil Rules, as well for this court and opposing counsel. Plaintiff's response [Doc. 135, 139, and 140] is stricken.

The court emphasizes that this ruling is independent of its determination of defendant's motion for summary judgment. As it must, this court will examine defendant's motion "to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

---

brief)," or "subsequently add to Plaintiff's original responses to Cox's 'undisputed material facts.'" [Doc. 161, p. 2]. However, plaintiff did, in fact, fail to file all of his exhibits contemporaneously with the response brief and filed a "supplement" that included exhibits created after his response brief was filed. [Doc. 140]. Significantly, the stricken response to defendant's motion to strike does not explain or address the late-dated exhibits. Further, plaintiff filed the Errata/Correction that included additional citation to the record to dispute defendant's statement of material fact no. 30, and included additional citation to the record in support of plaintiff's additional fact no. 32. *See* [Doc. 139-1, pp. 2 and 4].

## III.    Sanctions

Defendant seeks an award of its attorney fees and costs incurred because of plaintiff's failure to timely respond.  Pursuant to FED. R. CIV. P. 16(f), the court may order the party, or its attorney, to pay "the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 16(f)(2).  *See also* LCvR 7.2(f) ("[I]n the discretion of the Court, the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion.").  Under the rule, "[i]f the fault lies with the attorneys, that is where the impact of sanction should be lodged."  *In re Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984).

Under the circumstances, plaintiff's failure to respond to defendant's motion for summary judgment was not substantially justified.  Thus, plaintiff is subject to sanctions.  However, based on the information before it, the court concludes the fault lies squarely with plaintiff's counsel and therefore that is where the impact must be lodged.  Plaintiff's counsel shall pay all attorney fees and costs incurred by defendant in connection with plaintiff's tardy and incomplete response.  Defendant shall submit evidence of its fees and costs within thirty (30) days of this order.

## IV.    Conclusion

WHEREFORE, Defendant CoxCom, LLC's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support [Doc. 141] is granted.

The Court Clerk is hereby directed to strike and publicly seal from view plaintiff's response brief [Doc. 135], plaintiff's Errata Correction [Doc. 139], and plaintiff's supplement [Doc. 140].

DATED this 1st day of May, 2019.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma