# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

                Plaintiff,

v.

                                  Case No. 15-CV-564-GKF-JFJ

COXCOM, LLC,

                Defendant.

## OPINION AND ORDER

Before the court is defendant Coxcom, LLC's Application for Attorneys' Fees [Doc. 166].

Pursuant to Fed. R. Civ. P. 16(f)(2), a court may order a party's attorney to pay "the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." In an order entered May 1, 2019 [Doc. 165], the court made two decisions that are relevant here. First, the court determined that plaintiff's counsel's failure to obey the court's orders at Docket Nos. 129 and 154 was not substantially justified.[1] Second, the court ordered plaintiff's counsel to pay attorneys' fees and costs incurred by the defendant in connection with plaintiff's tardy and incomplete responses to defendant's motion for summary judgment and defendant's motion to strike. Coxcom then filed its application for attorneys' fees, together with contemporaneous time records. Plaintiff's counsel has responded, and Coxcom has filed a reply.

---

[1] *See Lillie v. United States*, 40 F.3d 1105, 1110 (10th Cir. 1994) (Rule 16(f) authorizes sanctions for the violation of an existing court order); *Freitag v. Sonic Auto., Inc.*, 2006 WL 2193340 at *3 (N.D. Okla. Aug. 1, 2006) (Rule 16(f) allows imposition of sanctions for failure to comply with scheduling order).

Based on the court's experience with this case, and the briefs and affidavits submitted by the parties, the court finds and concludes it has sufficient knowledge to resolve issues regarding the reasonableness and amount of attorneys' fees without a hearing. *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 774 (10th Cir. 1999); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219 (10th Cir. 2015). The court finds no circumstances that would make an award of reasonable attorneys' fees as a sanction unjust. Fed. R. Civ. P. 16(f)(2).

When determining the monetary sanctions appropriate in a given case, a district court in this circuit must expressly consider at least the following circumstances:

1. *Reasonableness (lodestar calculation)*. The court must independently analyze the reasonableness of the requested fees and expenses. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990) (imposing attorney-fee sanction pursuant to Fed. R. Civ. P. 11).

2. *Minimum to deter*. The primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit. *Id.* Further, it is particularly inappropriate to use sanctions as a means of driving certain attorneys out of practice, as those decisions are properly made by those charged with handling attorney disbarment. *Id.* The amount of sanctions is appropriate only when it is the "*minimum* that will serve to adequately deter the undesirable behavior." *Id.* at 684-85 (quoting *Doering v. Union Cty. Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

3. *Ability to pay*. The offender's ability to pay must also be considered because the purpose of monetary sanctions is to deter attorney and litigant misconduct. *Id.* at 685. Inability to pay what the court would otherwise regard as an appropriate sanction

should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status. *Id.*

4. *Other factors.* The circuit instructs that district courts may consider factors such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances. *Id.*

*See also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015) (affirming imposition of sanctions pursuant to the district court's inherent power to sanction and applying the *White* factors).

## I.     Reasonableness (Lodestar Calculation)

The first step in determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court should exclude from this initial fee calculation hours that were not "reasonably expended." *Id.*

Coxcom seeks an attorneys' fee award in the total amount of $24,130.50. However, the time records submitted to the court multiplied by the reported hourly rates results in a product of $23,945.50, which is $185 less than the claimed total. *See* table attached as Exhibit 1.

Four lawyers and one paralegal have logged hours at the following rates:  shareholder William W. O'Connor at $350 per hour; shareholder Keith A. Wilkes at $345 per hour; shareholder Jerrik L. Irby at $300 per hour; associate John W. Dowdell at $200 per hour; and paralegal Laura Williams at $150 per hour. The court finds each of the hourly rates to be reasonable in light of the

abilities and experience of each of the legal professionals and the current customary rates in the Northern District of Oklahoma.

The court has reviewed the time records submitted.  Attorney William O'Connor expended 8.2 hours; attorney Keith Wilkes expended 53.9 hours; attorney Jerrick Irby expended 0.6 hours; attorney John Dowdell expended 2.8 hours; and paralegal Laura Williams expended 11.6 hours. The court excludes 23.9 of Mr. Wilkes's hours, but finds the remaining hours to have been reasonably expended.  Therefore, the reasonable lodestar product is $15,700.00.

## II.      Minimum to Deter

As stated above, the amount of sanctions is appropriate only when it is the "*minimum* that will serve to adequately deter the undesirable behavior."  *White*, 908 F.2d at 684-85, (quoting *Doering v. Union Cty. Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).  In light of Mr. Camp's reduced ability to pay, discussed below, the amount reasonably necessary to deter counsel's undesirable behavior shall be an amount substantially less than the lodestar amount.

## III.      Ability to Pay

The burden is upon the party being sanctioned to come forward with evidence of its financial status.  *Id.* at 685.  Here, plaintiff's counsel contends that he is "unable to pay the fee immediately and/or in its entirety," and has filed a sealed financial declaration in support.  Upon consideration of these circumstances, the court exercises its discretion to impose a sanction at one-third of the lodestar, in the amount of $5,230.00, an amount plaintiff's counsel should be able to pay over time.

Wherefore, the court finds and concludes that defendant's Application for Attorneys' Fees should be granted in the amount of $5,230.00, and orders that it be paid in monthly installments of $200.00 or greater until paid in full.

WHEREFORE, defendant Coxcom, LLC's Application for Attorneys' Fees [Doc. 166] is granted in part and denied in part.

IT IS SO ORDERED this 19th day of December, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

| O'Connor | Wilkes | Wilkes Con't | Irby | Dowdell | Williams |
|---|---|---|---|---|---|
| 0.5 | 0.2 | 0.6 | 0.6 | 2.8 | 1.0 |
| 1.2 | 0.4 | 0.7 | | | 1.0 |
| 2.2 | 0.8 | 0.5 | | | 0.8 |
| 0.6 | 0.7 | 1.2 | | | 2.0 |
| 0.4 | 1.2 | 4.8 | | | 0.2 |
| 0.5 | 1.4 | 0.4 | | | 0.3 |
| 2.2 | 0.5 | 0.3 | | | 0.3 |
| 0.6 | 0.7 | 0.4 | | | 0.2 |
| | 0.3 | 0.4 | | | 0.6 |
| | 1.1 | 0.6 | | | 0.5 |
| | 0.5 | 1.1 | | | 1.0 |
| | 0.7 | 0.4 | | | 0.2 |
| | 1.2 | 0.7 | | | 1.0 |
| | 0.6 | 0.2 | | | 0.2 |
| | 0.4 | 0.4 | | | 0.4 |
| | 0.2 | 0.4 | | | 0.3 |
| | 1.4 | 0.2 | | | 0.2 |
| | 0.3 | 0.4 | | | 0.3 |
| | 2.4 | 0.2 | | | 0.5 |
| | 0.5 | 0.2 | | | 0.6 |
| | 0.8 | 0.2 | | | |
| | 0.2 | 0.2 | | | |
| | 0.4 | 0.4 | | | |
| | 0.2 | 0.2 | | | |
| | 0.4 | 0.2 | | | |
| | 1.3 | 0.3 | | | |
| | 0.6 | 0.6 | | | |
| | 4.8 | 0.3 | | | |
| | 2.9 | 0.3 | | | |
| | 0.4 | 0.2 | | | |
| | 0.7 | 0.2 | | | |
| | 2.6 | 0.2 | | | |
| | 0.2 | 0.4 | | | |
| | 0.4 | 0.8 | | | |
| | 2.7 | 0.2 | | | |
| | 0.2 | 0.3 | | | |
| | 0.3 | 0.2 | | | |
| | 34.6 | 19.3 | | | |
| 8.2 | 53.9 | | 0.6 | 2.8 | 11.6 |
| $350.00 | $345.00 | | $300.00 | $200.00 | $150.00 |
| $2,870.00 | $18,595.50 | | $180.00 | $560.00 | $1,740.00 |

| TOTAL | $23,945.50 | | | | |
|---|---|---|---|---|---|

EXHIBIT 1